**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE R. HAKIM, | Case No. 2:19-cv-09614 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** |
| ALLTRAN FINANCIAL, LP, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes MICHELLE R. HAKIM ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of ALLTRAN FINANCIAL, LP ("Defendant") as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Central District of California.

**PARTIES**

4.  Plaintiff is a 58-year-old consumer residing in Los Angeles, California, which is located within the Central District of California.

5.  Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.  Defendant is a third party debt collector that "provide[s] revenue cycle management to support business[es]" particularly businesses in the financial services industry.[1] Defendant is a limited partnership organized under the laws of the state of Texas with its principal place of business located at 5800 North Course Drive, Houston, Texas.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.  The instant action arises out of Defendant's attempts to collect upon an outstanding American Express ("AmEx") consumer obligation ("subject consumer debt") allegedly owed by Plaintiff.

---

[1] http://alltran.com/

10. The subject debt stems from a personal credit card Plaintiff was issued through AmEx, and the purchase Plaintiff made on the AmEx credit card were for her personal use.

11. After incurring the subject consumer debt, Plaintiff purportedly defaulted on her payments to AmEx.

12. Upon information and belief, AmEx subsequently turned the collection of the subject consumer debt over to Defendant after Plaintiff's purported default.

13. On or about July 23, 2019, Defendant sent or caused to be sent a correspondence to Plaintiff which sought collection of the subject consumer debt ("July Collection Letter"). *See* Exhibit A.

14. The July Collection Letter represented that the total balance of the subject debt was $5,077.74.

15. Further, as the initial written communication Plaintiff received from Defendant, the July Collection Letter provides the information required to be provided by debt collectors to consumers when they begin their attempts to collect a debt.

16. Thereafter, on or about August 23, 2019, Defendant sent or caused to be sent a subsequent correspondence to Plaintiff which sought collection of the subject consumer debt ("August Collection Letter"). *See* Exhibit B.

17. The August Collection Letter identifies that the total balance of the subject debt was $5,186.78.

18. The August Collection Letter further states that:

> As of the date of this letter, you owe $5,186.78. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. For further information, write the undersigned or call 866-516-6427, ext. 3006.

19. Based on the nature of the August Collection Letter, it is clear that the subject consumer debt was accruing interest while placed with Defendant.

20. However, Defendant's failure to provide the disclosure as to the accruing interest/fact Plaintiff may have had to pay more than the balance listed in the July Collection Letter illustrates that Defendant failed to adequately identify the total balance of the subject debt in the July Collection Letter, as required by 15 U.S.C. § 1692g(a)(1).

21.  As a result of Defendant's failure, Plaintiff was further deprived of an adequate disclosure of the nature of the subject debt in a manner that inhibited Plaintiff's ability to intelligently address the subject debt – further causing Plaintiff to be unaware of the costs of delaying payment given the absence of an indication in the initial written communication that the balance sought therein may be subject to some sort of adjustment in the future.

22. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

23. Plaintiff has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a.  Violations of the FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

31. Defendant violated § 1692e, e(2)(A), and e(10) through its false and deceptive representations regarding the total balance of the subject debt in the July Collection Letter. Defendant's August Collection Letter indicates that the debt is variable (i.e., accruing interest or other charges). No similar indication is made in the July Collection Letter. As such, Plaintiff read the July Collection Letter and believed she owed the amount stated therein; however, such a reading would be demonstrably false since the subject debt would have been accruing interest or otherwise been subjected to other charges, which would have required Plaintiff to pay *more* than the balance listed therein in order to fully satisfy her purported obligation on the subject debt. Courts have fashioned "safe harbor" language which debt collectors are supposed to use in order to adequately outline the total balance of a particular debt when debt collectors send initial collection letters attempting to collect upon variable debts. However, Defendant's July Collection Letter does not provide any of the information – or any information substantially similar to – the safe harbor language courts have applied to these situations (whereas its August Collection Letter does), illustrating the way in which its July Collection Letter was deceptive to Plaintiff and is deceptive to the least sophisticated consumer.

### b.  Violations of the FDCPA § 1692g

32. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to provide consumers with various pieces of information regarding consumer's rights to dispute the validity

of certain debts in the initial written communication with consumers. Pursuant to 15 U.S.C. § 1692g(a)(1), a debt collector must adequately provide "the amount of the debt."

33. Defendant violated § 1692g(a)(1) when it failed to adequately identify the amount of the debt in the July Collection Letter. Although the letter purports to outline the total amount due, the fact the debt was variable triggered Defendant's obligation to provide more information to consumers – *inter alia,* that the amount Plaintiff may pay would be greater than the amount indicated in the July Collection Letter. Defendant's failure in this regard illustrates its failure to comply with the strictures imposed upon debt collectors by § 1692g(a). Defendant's failure posed a risk of harm to Plaintiff's ability to intelligently determine the best way for her to go about addressing the subject debt.

WHEREFORE, Plaintiff, MICHELLE R. HAKIM, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

36. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

37. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a.  Violations of RFDCPA § 1788.17

38. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

39. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, and g of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

40. Defendant willfully and knowingly violated the RFDCPA.  Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, MICHELLE R. HAKIM, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e.  Award any other relief as the Honorable Court deems just and proper.

Dated: November 8, 2019                    Respectfully submitted,

                                           By: /s/ Nicholas M. Wajda
                                           Nicholas M. Wajda

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com